IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MILLER PAVING & CONSTRUCTION, L.L.C., )
                                                     )
                   Plaintiff,           )
                                                     )
vs.                                                       )           Case No. 10-0214-CV-W-ODS
                                                     )
CITY OF INDEPENDENCE, MISSOURI,   )
                                                    )
                   Defendant.    )

<u>ORDER (1) GRANTING IN PART CITY OF INDEPENDENCE'S MOTION TO DISMISS;
(2) GRANTING MILLER PAVING & CONSTRUCTION'S MOTION TO SUBSTITUTE
PARTY PLAINTIFF; AND (3) GRANTING SF HOLDINGS, LLC'S MOTION TO
SUBSTITUTE PARTY PLAINTIFF</u>

Pending is the City of Independence's Motion to Dismiss (Doc. # 69), Miller Paving & Construction's Motion to Substitute Party Plaintiff (Doc. #74), and SF Holding L.L.C.'s Motion to Substitute Party Plaintiff (Doc. # 77). The Motion to Dismiss is granted in part, and the Motions to Substitute Party Plaintiff are granted.

I. MOTION TO DISMISS

Miller Paving & Construction, L.L.C. ("Miller Paving") filed its cause of action against the City of Independence ("the City") on March 5, 2010. On March 31, 2010, the City filed its Answer and a counterclaim. On April 28, 2011, Miller Paving filed a Chapter 11 bankruptcy in the District of Kansas. On May 9, 2011, the Court stayed this case and directed Miller Paving to file status reports every 120 days. Miller Paving sold all of its assets in bankruptcy to SF Holdings, LLC ("SF Holdings"). The bankruptcy case is still pending.

The City requests that the Court dismiss all of Miller Paving's claims for lack of standing given that the claims were assets acquired by SF Holdings. Miller Paving does not dispute that any claim pursued after the bankruptcy stay is lifted must be pursued in

the name of SF Holdings. The Court finds that Miller Paving lacks standing to pursue its claims against the City because its assets have been sold to SF Holdings. Accordingly, Miller Paving is dismissed but the case remains pending because (as discussed below) SF Holdings will be substituted as Plaintiff. The City's request for attorneys' fees is denied. Any counterclaim the City has filed remains pending.[1] Within 30 days of this Order, SF Holdings and the City shall jointly propose a scheduling order/discovery plan as described in the Court's April 2, 2010 Order (Doc. # 7).

## II. MOTIONS TO SUBSTITUTE PARTY PLAINTIFF

Both Miller Paving and SF Holdings filed separate Motions requesting that SF Holdings be substituted as the party Plaintiff. The City opposed Miller Paving's Motion but did not oppose SF Holding's Motion. The Court's independent review confirms the substitution should be allowed. Accordingly, the Court grants the Motions to Substitute Party Plaintiff and substitutes SF Holdings, LLC as the Plaintiff in this matter.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 10, 2014　　　　　　　　UNITED STATES DISTRICT COURT

---

[1] The Court acknowledges SF Holding's assertion that it is not liable for the debts of Miller Paving and therefore not liable for the City's counterclaim. SF Holdings is free to file an appropriate Motion addressing this point. The City is free to pursue its counterclaim against Miller Paving in the bankruptcy proceeding. Accordingly, Miller Paving as the Counterclaim Defendant is dismissed without prejudice.